IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI AT JEFFERSON CITY

| | |
|---|---|
| ROBERT KYLE, individually and on behalf of others similarly situated, </br>　　　　　　Plaintiff, </br></br> v. </br></br> CHARTER COMMUNICATIONS, INC. d/b/a SPECTRUM, </br>　　　　　　Defendant. | Case No. _____ </br></br></br></br> **Demand for Jury Trial** |

# CLASS ACTION COMPLAINT

1. Plaintiff Robert Kyle brings this action against Defendant Charter Communications, Inc. d/b/a Spectrum ("Charter"), to secure redress on behalf of himself and others for Defendant's violations of the do-not-call rules of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the no-call rules of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq*.

## INTRODUCTION

2. Advancements in telephone dialing technology by the 1980s and 90s made reaching a large number of consumers by telephone easier and more cost-effective. However, this technology has also brought with it an onslaught of unsolicited robocalls, spam text messages, and junk faxes that intrude on individual privacy and waste consumer time and money. As a result, the federal government and numerous states have enacted legislation to combat these widespread telecommunications abuses. As Congress recognized:

> Many customers are outraged over the proliferation of intrusive, nuisance calls to their homes…. Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

Pub. L. No. 102-243, 105 Stat. 2394 § 2(6, 12) (1991).

3. As is relevant here, the TCPA provides that "[n]o person or entity shall initiate any telephone solicitation to ... [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2).

4. The Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.*, similarly provides that "[n]o person or entity shall make or cause to be made any telephone solicitation to any residential subscriber in this state who has given notice to the attorney general, in accordance with rules promulgated pursuant to section 407.1101 of such subscriber's objection to receiving telephone solicitations." Mo. Rev. Stat. § 407.1098.

5. Defendant caused multiple telemarketing calls to be made to the phones of Plaintiff and others without their consent, despite such person's registration with the National Do Not Call Registry or Missouri No-Call List, and in many instances without their prior express invitation or permission, or after the consumer explicitly asked not to be called. Plaintiff files this class action complaint on behalf of himself and others similarly situated, seeking relief from Defendant's illegal calling practices.

**PARTIES**

6. Plaintiff Robert Kyle is a natural person who resides in Cass County, Missouri.

7. Defendant Charter Communications, Inc. d/b/a/ Spectrum is a Delaware corporation headquartered at 400 Atlantic Street, Stamford, Connecticut 06901. Charter is an internet, cable television, and phone service provider.

## JURISDICTION AND VENUE

8. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 with respect to Plaintiff's TCPA claims. *Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (2012).

9. This Court has supplemental jurisdiction over Plaintiff's Missouri state law claims, pursuant to 28 U.S.C. § 1367, because they are so related to Plaintiff's federal TCPA claims that they form part of the same case or controversy.

10. The Court has personal jurisdiction over Defendant and venue is appropriate in this District under 28 U.S.C. § 1391(a) because Defendant does business in this District, made or facilitated the calls or lead generation that is the subject of this lawsuit to Plaintiff and others in this District, and because a substantial portion of the events giving rise to this cause of action occurred in this District. Plaintiff resides in this District, and received the calls that are the subject of this case here.

## FACTS

11. Charter has been sued repeatedly, both individually and through class litigation, for violating the TCPA and state telecommunications laws.

12. In some of these class cases, Charter's tactic is to "pick off" the named plaintiff through individual settlement, thereby preventing class-wide accountability. *E.g., Leeb v. Charter Commc'ns, Inc.*, No. 4:17-cv-02780 (E.D. Mo.).

13. Charter has also faced state regulatory action for alleged telecommunications violations, including in Missouri. *E.g., State of Missouri v. Charter Commc'ns, Inc.*, No. 4:15-cv-01593 (E.D. Mo.) (asserting claims under the TCPA, Telemarketing Sales Rule, Missouri Telemarketing No-Call List Law, and the Missouri Telemarketing Practices Law).

- 3 -

Case 4:20-cv-00062-SRB   Document 1   Filed 01/28/20   Page 3 of 11

14. Despite this, Charter continues to flagrantly violate the TCPA and state telemarketing laws.

15. Plaintiff Kyle registered his personal cellular telephone number with the National Do Not Call Registry overseen by the Federal Trade Commission in 2006.

16. Plaintiff also placed his cell phone number on the Missouri No-Call List in 2012.

17. Despite this, Charter called Plaintiff's cellular telephone number from (800) 546-3692 on December 17, 2019, and attempted to market Charter's goods or services to him.

18. Plaintiff responded to Charter's sales representative that he was not interested in what Charter was soliciting, and told them that he was on the do-not-call list, indicating that he did not want to receive telemarketing calls.

19. Despite this, Charter called Plaintiff's cellular telephone number from (800) 546-3699 on December 18, 2019, and again attempted to market Charter's goods or services to him.

20. Plaintiff again informed Charter's sales representative that he was not interested, and expressed his frustration with Charter's continued calling.

21. Plaintiff filed a complaint with the Missouri Attorney General's office after receiving Charter's unwanted calls.

22. A representative from Charter responded to Plaintiff after receiving his complaint, and informed him that, despite his prior request to not be called and complaint, the calls may still continue because it could take up to forty-five (45) days for Defendant to remove his number from its system.

23. Indeed, despite Plaintiff's complaint about unwanted Charter calls to the Missouri Attorney General's office, Charter made another unsolicited telemarketing call to Plaintiff's cell phone on January 21, 2020—this time from (816) 347-1443.

24. This January 21, 2020 call used a prerecorded message to solicit Plaintiff's purchase of Charter's products or services, and specifically referenced "Spectrum" in the unattended message.

25. Charter has the ability to honor consumer do-not-call requests immediately, but it chooses not to do so.

26. Charter did not have Plaintiff's prior invitation or permission, or consent, to call his cellular telephone number.

27. Plaintiff has never been a Charter customer; on information and belief, Charter's services aren't even available in Plaintiff's area.

28. Plaintiff's experience is not unique: Charter has made telemarketing calls to numerous other consumers after they expressed a desire to not be called—including those on the National Do Not Call Registry or Missouri No-Call List—and it placed these calls despite failing to implement procedures required for maintaining a list of persons who request not to receive telemarketing calls made by it or on its behalf.

29. Plaintiff and the classes defined below were damaged by Defendant's calls. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use of their phones, and they were forced to divert attention away from other activities to address the calls. Defendant's calls were annoying and a nuisance, and wasted the time of Plaintiff and the classes. *See, e.g., Mims v. Arrow Fin. Servs., Inc.*, 132 S. Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls).

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3), on behalf of the following classes:

**National DNC Class:** All non-customers of Charter within the United States to whom Charter or someone on its behalf initiated more than one call for the purpose of encouraging the purchase of Charter goods or services within any 12-month period, at any time on or after the date four years prior to the filing of this action, despite the residential phone number having been registered on the National Do Not Call Registry for more than 31 days, where Charter lacks any signed, written agreement with the consumer stating that he or she agrees to be contacted by Charter at the phone number.

**MO No-Call List Class:** All persons in the State of Missouri to whom Charter or someone on its behalf made more than one call in any 12-month period for the purpose of encouraging the purchase of Charter goods or services, at any time on or after the date two years prior to the filing of this action, despite the phone number having been registered with the Missouri No-Call List, where Charter's records do not reflect any other business contact with such person for at least 181 days prior.

31. On information and belief, including based on Charter's national presence and the extraordinary extent of consumer complaints concerning Defendant's telemarketing practices, there are more than 1,000 persons in each class. *See, e.g., State of Missouri v. Charter Commc'ns, Inc.*, No. 4:15-cv-01593, 2016 WL 1625461, at *2 (E.D. Mo. Apr. 21, 2016) (noting that the Missouri Attorney General "asserts that he has received 350 complaints regarding Charter's telemarketing practices"). The exact number of class members will be identified through discovery, records for which are in the sole possession of Charter and/or its vendor(s).

32. Common questions of law or fact exist as to all members of the classes, which predominate over any questions solely affecting any individual member, including Plaintiff. Such questions common to the classes include but are not limited to:

   a. Whether Defendants had "prior express invitation or permission" under the TCPA and Missouri Telemarketing No-Call List Law to call the phone numbers of Plaintiff and the classes;

   b. Whether Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone

- 6 -

Case 4:20-cv-00062-SRB   Document 1   Filed 01/28/20   Page 6 of 11

solicitations in violation of the TCPA's do-not-call regulations or Missouri's Telemarketing No-Call List Law; and

c. Damages, including whether any violations were performed willfully or knowingly, such that Plaintiff and the other class members are entitled to treble damages under 47 U.S.C. § 227(c)(5).

33. Plaintiff's claims are typical of the claims of the other members of the classes. The factual and legal bases of Defendant's liability to Plaintiff and the other members of the classes are the same: Defendant violated the TCPA by initiating telephone solicitations to the phone numbers Plaintiff and the National DNC Class had registered on the National Do Not Call Registry, and it violated Missouri's Telemarketing No-Call List Law by causing telephone solicitations to be made to the phone numbers Plaintiff and the MO No-Call List Class had registered on the Missouri No-Call List.

34. Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has no interests that might conflict with the interests of the classes. Plaintiff is interested in pursuing his claims vigorously, and he has retained counsel competent and experienced in class and complex litigation, including with regards to the claims alleged herein.

35. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. There are thousands of class members of each class, such that joinder of all members is impracticable.

36. No difficulties are likely to be encountered in the management of this action that

would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

37. Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of each class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the classes, should they even realize that their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the classes that would establish incompatible standards of conduct.

38. The identities of the class members are readily identifiable from Defendant's and/or its vendors' records.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

39. Plaintiff re-alleges and incorporates all allegations as if fully set forth herein.

40. It is a violation of the TCPA to initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry. 47 C.F.R. 64.1200(c)(2).

41. Defendant violated the TCPA by initiating multiple telephone solicitations to Plaintiff and the National DNC Class in a 12-month period, despite the person's registration of his or her telephone numbers on the National Do Not Call Registry.

42. These violations were willful or knowing.

43. As a result of Defendant's violations of the TCPA's national do-not-call rule, Plaintiff and the other members of the National DNC Class are each entitled to an injunction and up to $500 in damages for each such violation. 47 U.S.C. § 227(c)(5).

44. Because such violations were willful or knowing, the Court should treble the amount of statutory damages, pursuant to 47 U.S.C. § 227(c)(5).

WHEREFORE, Plaintiff Robert Kyle, individually and on behalf of the National DNC Class, respectfully requests that the Court enter judgment against Defendant for:

    A.    Certification of the National DNC Class as alleged herein;

    B.    Damages, pursuant to 47 U.S.C. § 227(c)(5);

    C.    Injunctive relief, pursuant to 47 U.S.C. § 227(c)(5), aimed at ensuring the prevention of TCPA violations in the future;

    D.    Attorneys' fees and costs, as permitted by law; and

    E.    Such other or further relief as the Court deems just and proper.

## COUNT II
**Violations of the MO Telemarketing No-Call List Law, Mo. Rev. Stat. §§ 407.1095 *et seq.***
**(On Behalf of Plaintiff and the MO No-Call List Class)**

45. Plaintiff re-alleges and incorporates all allegations as if fully set forth herein.

46. It is a violation of the Missouri Telemarketing No-Call List Law to make or cause to be made any telephone solicitation to any residential subscriber in Missouri who has placed his or her phone number on the Missouri No-Call List. Mo. Rev. Stat. § 407.1098.

47. Defendant violated the Missouri Telemarketing No-Call List Law by making or causing to be made multiple telephone solicitations of Charter goods or services to Plaintiff and each member of the MO No-Call List Class in a 12-month period, despite the person's registration of his or her telephone numbers on the Missouri No-Call List.

48. These violations were willful or knowing.

49. Charter failed to establish and implement, with due care, reasonable practices and procedures to effectively prevent telephone solicitations to persons who had registered their

phone numbers with the Missouri No-Call List.

50. As a result of Defendant's violations of the Missouri Telemarketing No-Call List Law, Plaintiff and the other members of the MO No-Call List Class are each entitled to an injunction and up to $5,000 in damages for each such knowing violation. Mo. Rev. Stat. § 407.1107.

WHEREFORE, Plaintiff Robert Kyle, individually and on behalf of the MO No-Call List Class, respectfully requests that the Court enter judgment against Defendant for:

- A. Certification of the MO No-Call List Class as alleged herein;
- B. Damages, pursuant to Mo. Rev. Stat. § 407.1107;
- C. Injunctive relief, pursuant to Mo. Rev. Stat. § 407.1107, aimed at ensuring the prevention of Missouri Telemarketing No-Call List Law violations in the future;
- D. Attorneys' fees and costs, as permitted by law; and
- E. Such other or further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: January 28, 2020

Respectfully Submitted,

**EDGAR LAW FIRM LLC**

*/s/ John F. Edgar*
John F. Edgar       #47128
Brendan M. McNeal  #69226
2600 Grand Blvd., Suite 440
Kansas City, MO 64108
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
jfe@edgarlawfirm.com
bmm@edgarlawfirm.com

Alexander H. Burke*
Daniel J. Marovitch*
BURKE LAW OFFICES, LLC
909 Davis Street, Suite 500
Evanston, IL 60201
Telephone: (312) 729-5288
aburke@burkelawllc.com
dmarovitch@burkelawllc.com

**pro hac vice* to be submitted

*Counsel for Plaintiff*

### Document Preservation Demand

Plaintiff hereby demands that each Defendant take affirmative steps to preserve all recordings, data, databases, call records, consent to receive autodialed or artificial or prerecorded voice calls, e-mails, recordings, documents, and all other tangible things that relate to the allegations herein, Plaintiff, or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale, or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of Defendant.

*/s/ John F. Edgar*
Attorney for Plaintiff
