UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ROBERT KYLE, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:20-cv-00062-SRB ) |
| CHARTER COMMUNICATIONS, INC., | ) ) |
| Defendant. | ) ) |

**DEFENDANT CHARTER COMMUNICATIONS, INC.'S
MOTION TO DISMISS OR ALTERNATIVELY TO STAY**

COMES NOW Defendant Charter Communications, Inc. ("Charter") and respectfully requests that this Court dismiss this case without prejudice or alternatively stay it under the "first-to-file" rule. In support thereof, Charter states as follows:

1. On January 28, 2020, Plaintiff Robert Kyle ("Plaintiff") filed this putative class action relating to his alleged receipt of 3 telephone calls made by Charter or made on Charter's behalf. *See* Complaint (Dkt. No. 1), at ¶¶ 17, 19, and 23.

2. Plaintiff alleges that he was on the national and Missouri do-not-call lists at the time of the calls. *Id.*, at ¶¶ 15-6.

3. Plaintiff alleges Charter willfully and negligently violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), by calling individuals listed on the National Do Not Call Registry, 47 C.F.R. 64.1200(c)(2). *Id.*, at ¶¶ 40-44.

4. As it pertains to that claim, Plaintiff seeks to represent a nationwide class of individuals that received similar calls. *Id.* at ¶ 30.

5.  Plaintiff also alleges that Charter willfully and negligently violated the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. § 407.1098. *See* Complaint, at ¶¶ 46-48.

6.  As it pertains to that claim, Plaintiff seeks to represent a class of Missouri residents that received similar calls. *Id.* at ¶ 30.

7.  Pursuant to the "first-to-file" rule, the interests of judicial efficiency and comity support dismissal or alternatively the stay of this case because there is a prior, pending putative nationwide class action against Charter brought for similar alleged violations of the TCPA, namely the placement of marketing calls to individuals on the National Do Not Call Registry.

8.  The first-filed action is pending in the United States District Court for the District of South Carolina (Greenville Division), captioned *James Van Connor, individually and on behalf of a class of all persons and entities similarly situated v. Charter Communications, Inc.* (No. 6:19-CV-02008-BHH) (hereinafter referred to as the "*Van Connor* action").

9.  The Complaint in the *Van Connor* action was filed on July 18, 2019, approximately 6 months before this case was filed.

10. "Generally, the doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985), citing *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–5 (9th Cir. 1982); *see also Nicklaw v. CitiMortgage, Inc.*, No. 4:14CV1795 RLW, 2015 WL 13158028, at *5 (E.D. Mo. Apr. 8, 2015) (same). "To conserve judicial resources and avoid conflicting rulings, the first-filed rule gives priority, for purposes of choosing among possible venues when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1006–07 (8th Cir. 1993). "Hence, courts

follow a 'first to file' rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case." *Orthmann*, 765 F.2d at 121. "The purpose of this rule is to promote efficient use of judicial resources." *Id.*

11. In analyzing "first-to-file" arguments, the court typically "analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." *U.S.A. Dawgs, Inc. v. Crocs, Inc.*, No. 214CV01461RFBPAL, 2015 WL 5765966, at *1 (D. Nev. Sept. 30, 2015); *see also Fochtman v. CAAIR, Inc.*, No. 5:17-CV-5228, 2018 WL 1092345, at *5 (W.D. Ark. Feb. 27, 2018) (same).

12. All three factors—the chronology of the actions, the similarity of the parties, and the similarity of the issues at stake —are met here.

14. There is no dispute that *Van Connor* is the first-filed action.

15. "Regarding similarity of the parties, courts have held that the first-to-file rule does not require exact identity of the parties." *U.S.A. Dawgs*, 2015 WL 5765966, at *1 (quotations omitted). "Rather, the first-to-file rule requires only substantial similarity of parties." *Id.*

16. "In collective or class action lawsuits, it is the classes, and not the class representatives, that are compared." *Nesbit v. Fornaro*, No. 2:11-CV-00092-PMP, 2011 WL 1869917, at *3 (D. Nev. Mar. 31, 2011), *aff'd*, No. 2:11-CV-00092-PMP, 2011 WL 1869934 (D. Nev. May 16, 2011).

17, In the first-filed action, Van Connor seeks to represent individuals who received calls at numbers listed on the National Do Not Call registry from July 18, 2015 (*i.e.,* 4 years prior to the filing of the action) through the present. Similarly, Plaintiff seeks to represent the same group of individuals from January 28, 2016 (*i.e.,* 4 years prior to the filing of the action) through the present. *See* Complaint, at ¶ 30. Therefore, the putative class period for the TCPA claims for

3

Case 4:20-cv-00062-SRB   Document 14   Filed 03/11/20   Page 3 of 5

violation of the National Do Not Call Registry in the *Van Connor* action subsumes the putative class period in this case.

18. The issues presented in the *Von Connor* and this case are also "substantially similar:" Does the action allege that Charter or entities calling on Charter's behalf for marketing purposes violated the TCPA and similar state statutes by calling individuals on do-not-call lists during the same period of time? The answer is "yes." Therefore, dismissal or stay of this case in favor of the first-filed *Van Connor* action is appropriate.

19. While the Complaint here presents a Missouri-specific claim that is not pending in the *Van Connor* action, the existence of alternative claims or tag-along, state law claims does not preclude application of the first-to-file rule.

20. If a plaintiff could avoid application of the "first-to-file" rule simply by adding a state-specific claim, "[t]here would be nothing to stop plaintiffs in all 50 states from filing separate nationwide class actions based upon their own state's law." *Catanese v. Unilever*, 774 F. Supp. 2d 684, 689 (D.N.J. 2011). After all, "[f]inding insubstantial overlap because of the fact that the claims are asserted under different state laws would defeat the judicial efficiency rationale undergirding the first-filed rule." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1297 (N.D. Cal. 2013), quoting *Worthington v. Bayer Healthcare, LLC*, No. CIV.A. 11-2793 ES, 2012 WL 1079716, at *6 (D.N.J. Mar. 30, 2012).

21. Charter incorporates by reference herein its Suggestions in Support of its Motion to Dismiss or Alternatively to Stay and the exhibits attached thereto, which are filed contemporaneously herewith.

WHEREFORE, for the reasons set forth herein, Charter respectfully requests that the Court dismiss this lawsuit without prejudice or alternatively stay this case pending a decision of

United States District Court for the District of South Carolina (Greenville Division) in the *Von Connor* action.

<pre>
                                        Respectfully submitted,

                                        THOMPSON COBURN LLP

                                        By:/s/ Matthew D. Guletz                
                                           Matthew D. Guletz, #57410MO
                                           One U.S. Bank Plaza, Suite 2700
                                           St. Louis, Missouri 63101
                                           (314) 552-6000 (telephone)
                                           (314) 552-7000 (facsimile)
                                           *mguletz@thompsoncoburn.com*

                                           *Attorneys for Defendant Charter
                                           Communications, Inc.*
</pre>

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 11, 2020, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

<pre>
                                        /s/ Matthew D. Guletz                   
</pre>