IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT KYLE, individually and on behalf )
of others similarly situated, )
)
         Plaintiff, ) Case No. 4:20-cv-00062-SRB
)
v. )
)
CHARTER COMMUNICATIONS, INC. )
d/b/a SPECTRUM, )
)
         Defendant. )

## ORDER

Before the Court is Defendant Charter Communications, Inc.'s Motion to Dismiss or Alternatively to Stay. (Doc. #14). For the following reasons the Motion is DENIED.

### I. Background

Plaintiff Robert Kyle brings this putative class action related to the alleged receipt of marketing telephone calls from Defendant Charter Communications, Inc. Plaintiff seeks to represent a nationwide class of individuals whose telephone numbers were listed on the National Do Not Call Registry who received calls allegedly in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Plaintiff also seeks to represent a class of Missouri residents who received calls allegedly in violation of the Missouri Telemarketing No-Call List Law, Mo. Rev. Stat. § 407.1098. Defendant moves to dismiss or stay this action pursuant to the "first-to-file" rule in consideration of an earlier-filed action captioned *James Van Connor, individually and on behalf of a class of all persons and entities similarly situated v. Charter Communications, Inc*. (No. 6:19-CV-02008-BHH) (the "*Connor* action") pending in the United States District Court for the District of South Carolina. Connor similarly seeks to

represent a nationwide class of individuals with telephone numbers listed on the National Do Not Call Registry who received calls allegedly in violation of the TCPA. Connor also seeks to represent a nationwide class of individuals who received calls to their cellular devices from an automatic telephone dialing system allegedly in violation of the TCPA, in addition to a class of South Carolina residents whose telephone numbers were on the National Do Not Call Registry and received telemarketing calls from Defendant allegedly in violation of the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et seq*.

II. **Legal Standard and Discussion**

"The first-to-file rule is part and parcel of the 'doctrine of federal comity,' which 'permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district.'" *Haworth v. New Prime, Inc.*, No. 6:19-03025-CV-RK, 2020 WL 1430478, at *1 (W.D. Mo. Mar. 23, 2020) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)); *see also Smart v. Sunshine Potato Flakes, L.L.C.*, 307 F.3d 684, 687 (8th Cir. 2002) ("'[F]irst filed' is not a 'rule.' It is a factor that typically determines, 'in the absence of compelling circumstances,' which of two concurrent federal court actions should proceed to judgment.") (quoting *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir.1990)). The "first-filed rule 'is not intended to be rigid, mechanical, or inflexible," *Orthmann*, 765 F.2d at 121, but is to be applied in a manner best serving the interests of justice." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993). "The Court has discretion in applying this rule." *Haworth*, 2020 WL 1430478, at *1 (citing *Nw. Airlines*, 989 F.2d at 1005).

Defendant argues the Court should dismiss or stay the instant action because the *Connor* action was filed first and because the parties and issues in both actions are substantially similar.

2

Plaintiff argues the instant action is meaningfully unlike the *Connor* action, and therefore the Court has no discretion to dismiss or stay this case. The Court notes initially that while the *Connor* action is technically the first-filed action, it was filed only approximately six months before the filing of the instant action and is in the early stages of litigation.[1] Further, the Court finds significant differences exist between the parties and issues involved in each action. *See Nw. Airlines*, 989 F.2d at 1006 ("[T]he first-filed rule gives priority, for purposes of choosing among possible venues when *parallel litigation* has been instituted in separate courts, to the party who first establishes jurisdiction.") (citation omitted) (emphasis added); *Sammons v. COR Clearing*, No. 8:14CV136, 2014 WL 4656114, at *2 (D. Neb. Sept. 16, 2014) ("This rule . . . authoriz[es] a latter-filed, *substantially similar* action's stay or dismissal in deference to an earlier case.") (citing *Orthmann*, 765 F.2d at 121) (emphasis added). While both actions assert a nationwide class action claim against Defendant for violation of the National Do Not Call Registry provision of the TCPA, the instant action involves a claim brought on behalf of a putative class of more than 1,000 Missouri residents for alleged violation of the Missouri No-Call List Law that is absent from the *Connor* action. At the same time, the *Connor* action includes a claim for violation of the TCPA's automatic telephone dialing system provision and a claim brought on behalf of a putative class of South Carolina residents under South Carolina state law, which are absent from the instant action. Defendant does not dispute that the *Connor* claims and putative classes are distinguishable from the claims and putative class of Missouri residents in this action, in that they involve distinct putative class members, telephone numbers

---

[1] Defendant filed the Second Amended Conference and Scheduling Order entered in the *Connor* action as an exhibit to the instant Motion. Upon examination of the docket in the *Connor* action, this Court notes a Third Amended Conference and Scheduling Order has been entered, which sets a class certification motion deadline of April 13, 2021, and a discovery deadline of May 18, 2021.

3

on different registries maintained by different governmental bodies, and claims based on different laws.

The issues in this action are further distinguished from the *Connor* action given Plaintiff's allegation that a settlement agreement, executed between Defendant and the State of Missouri related to previous TCPA and Missouri No-Call List Law violations, impacts the instant action. While Defendant argues that prior settlement agreement is irrelevant to and inadmissible in this action, the Court finds it is premature to determine whether the settlement agreement will be admissible or relevant to Defendant's alleged "willful or knowing" violations of the TCPA and Missouri No-Call List Law. (Doc. #1, pp. 8–9). Moreover, this action involves an allegedly unknown telemarketing vendor, whereas the telemarketing vendor in the *Connor* action is known. This fact further amplifies the distinction between the issues underlying the two relevant actions and the differing manner in which the actions may proceed.

In sum, because each action is still in the relatively early stages of litigation, and because important differences exist between the parties and issues involved in each case, the interests of justice do not warrant dismissal or a stay of the instant action.

### III. Conclusion

Accordingly, Defendant Charter Communications, Inc.'s Motion to Dismiss or Alternatively to Stay (Doc. #14) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 27, 2020