# **Exhibit A**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

STATE OF MISSOURI ex rel.    )
Attorney General JOSHUA HAWLEY,  )
                               )
       Plaintiff,           )
                               )    Case No.
   vs.                    )    4:15-cv-01593-RLW
                               )
CHARTER COMMUNICATIONS, INC. )
                               )
      Defendant.        )

## SETTLEMENT AGREEMENT

Plaintiff, the State of Missouri, at the relation of Missouri Attorney

General Joshua Hawley ("State of Missouri" or "Plaintiff"), and Defendant

Charter Communications, Inc. (hereinafter "Charter" or "Defendant" and

altogether, the "Parties"), stipulate, covenant and agree as follows:

### Recitals

WHEREAS, the Parties to this Settlement Agreement ("Settlement

Agreement") agree, for the purposes of this Settlement Agreement, that the

Attorney General is authorized to represent the interests of the State of

Missouri;

1

WHEREAS, the Parties to this Settlement Agreement agree, for the purposes of this Settlement Agreement, that this Court is the proper court of venue and has jurisdiction over the Parties and subject matter of this action;

WHEREAS, the State of Missouri filed the above-captioned lawsuit;

WHEREAS, Charter denies the State of Missouri's allegations in the above-captioned lawsuit;

WHEREAS, the Parties desire to consensually resolve any and all matters and disputes between them and any other issues raised or that could have been raised in the Complaint, without any admission of fault or liability, and without the time, expense and uncertainty of litigation, and have therefore agreed to this Settlement Agreement;

WHEREAS, the Parties agree to abide by the executory terms of this Settlement Agreement after dismissal of this case;

### Introduction

1.     On October 19, 2015, the State of Missouri, at the relation of Missouri Attorney General Chris Koster, the chief legal officer of the State of Missouri, filed a Complaint for Civil Penalties, Permanent Injunctions, and Other Equitable Relief ("Complaint") against Charter pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 (inclusive of its rules

2

found at 47 C.F.R. § 64.1200 *et seq.*) (the "TCPA"), the Telemarketing Sales

Rule, 16 C.F.R. Part 310 (the "TSR"), the Missouri No-Call Law, §§

407.1090, RSMo., *et seq.*, and the Missouri Telemarketing Law, §§ 407.1070,

RSMo., *et seq.*, related to telemarketing calls allegedly placed by Charter or

its third party telemarketers.

### Parties

2.      Joshua Hawley is now the duly elected, qualified, and acting

Attorney General of the State of Missouri, and is empowered to bring actions

in his official capacity pursuant to Chapter 407 of the Missouri Revised

Statutes (commonly referred to as the "Missouri Merchandising Practices

Act"). Joseph Schlotzhauer, Mary D. Morris, and Michelle Hinkl are duly

appointed and qualified Assistant Attorneys General.

3.      Attorney General Hawley is the chief legal officer of the State of

Missouri, and therefore has authority to bring claims under the TCPA on

behalf of the residents of the State of Missouri pursuant to 47 U.S.C. § 227(g).

4.      Attorney General Hawley also brings this action on behalf of the

State of Missouri, as *parens patriae*, pursuant to authority found in the

Telemarketing Act, 15 U.S.C. § 6103(a), and 16 C.F.R. § 310.7(a).

3

5.      Defendant Charter Communications, Inc., doing business as Charter Communications (hereinafter "Charter"), is an active Delaware-corporation with offices located at 12405 Powerscourt Drive, St. Louis, MO 63131. Charter, through certain of its subsidiaries, offers cable, internet, and voice over internet telephone services to consumers in the State of Missouri.

### General Provisions

6.      The Complaint alleges that Charter made or caused to be made telephone solicitations to Missouri consumers on the Missouri Do-Not-Call List, in violation of § 407.1098, RSMo., and engaged in other telemarketing practices that violate the Missouri Telemarketing Practices Law, § 407.1076, RSMo.

7.      The Complaint further alleges that Charter engaged in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the TSR, as amended, 16 C.F.R. Part 310, in the telemarketing of its products and services; and engaged in telemarketing practices that violate the TCPA, 47 U.S.C. § 227(b)(1).

8.      Charter denies that it has engaged in deceptive acts or practices or that it has violated Missouri or Federal law, and further states that it has

4

established and implemented, with due care, reasonable practices and procedures to prevent telemarketing calls that would violate Missouri or Federal law.

9. The Attorney General recognizes that Charter has made, and continues to make, significant efforts to comply with federal and Missouri laws designed to prevent unwanted telemarketing calls and improper telemarketing practices.

10. To avoid the time, expense and uncertainties of further litigation, and without admitting any liability or fault whatsoever, the Parties have agreed to resolve this dispute by entering into this Settlement Agreement.

11. Charter agrees and understands that this Settlement Agreement applies to Charter, its principals, officers, directors, agents, employees, representatives, successors and assigns, whether acting personally, or through any corporation or any other business entities, whose acts, practices, or policies are directed, formulated or controlled by Charter.

12. **Entire Agreement.** This Settlement Agreement contains the entire agreement between Charter and the State of Missouri, and there are no other written or oral terms or agreements except for those contained in or referenced in this Settlement Agreement. However, if any provision or

5

provisions of this Settlement Agreement are declared invalid by a court of competent jurisdiction, the rest of this Settlement Agreement shall remain in full force and effect and shall not be affected by such declaration.

13.    **Full Settlement and Release.**  The State of Missouri, and the Attorney General, acting in his official capacity and on behalf of all persons for whom he purports to represent as *parens patriae*, hereby fully release and discharge Charter from any and all claims, demands, damages, liabilities, actions, causes of action or suits at law or in equity of whatever kind, state or federal, known or unknown, which he ever had or now has arising from the matters asserted in this action, including but not limited to any of the asserted violations of state or federal law referenced in the complaint in this action or that otherwise could have been asserted against Charter on or before the date of the execution of this Settlement Agreement.  Upon execution of this Settlement Agreement, the State of Missouri will dismiss the Complaint with prejudice.

14.    The Parties agree that this Settlement Agreement shall release Charter of any past violations of the 2005 Assurance of Voluntary Compliance ("2005 AVC") between Charter and the State of Missouri, and

6

shall relieve Charter and the State of Missouri of any express or implied obligations under the 2005 AVC.

15. **Legal Counsel.** The Parties have had the opportunity to consult with legal counsel regarding this Settlement Agreement, and agree to be bound by all provisions contained therein.

16. **Changes or Amendments.** No changes or amendments shall be made to this Settlement Agreement unless made in writing and signed by all Parties hereto.

17. Charter shall not represent to any person, natural or otherwise, that the State of Missouri sanctions, endorses or approves of any methods, acts, uses, practices or solicitations undertaken by or on behalf of Charter.

18. Nothing in this Settlement Agreement shall be construed as relieving Charter of the obligation in the future to comply with all state and federal laws, regulations or rules.

19. Other than as described herein, nothing in this Settlement Agreement shall be construed as limiting the ability of the State of Missouri from enforcing such provisions with respect to Charter within the State of Missouri for new conduct or actions of Charter after entry of this Settlement Agreement.

7

20. Notwithstanding anything to the contrary herein, no provision of this Settlement Agreement shall be construed to require Charter to violate its privacy obligations to customers under 47 U.S.C. § 551 or any other applicable statute or regulation.

21. Charter and the State of Missouri agree to implement these obligations in good faith. The Parties agree that as questions or concerns arise regarding these obligations, the Parties will work cooperatively to resolve these questions or concerns.

## Defined Terms

22. For the purposes of this Settlement Agreement, the following terms are defined as follows:

    a. **"Automatic Dialer"** shall mean an automatic telephone dialing system, capable of the following: (a) retrieving numbers from calling lists and dialing them without human intervention; (b) storing numbers and dialing those numbers from a database of numbers; (c) storing numbers and dialing those numbers at random; and (d) storing numbers and dialing those numbers sequentially.

8

b. **"Charter"** shall mean Charter Communications, Inc., its affliates, subsidiaries and assigns.

c. **"Established Business Relationship"** means a relationship between a seller and a person based on: (i) under the TCPA or TSR, the consumer's purchase, rental or lease of the seller's goods or services or a financial transaction between the consumer and the seller within the eighteen (18) months immediately preceding the date of the Telephone Solicitation, or the consumer's inquiry or application regarding a product or service offered by the seller, within the three months immediately preceding the date of the Telephone Solicitation; (ii) under the Missouri No-Call Law, a business contact within one hundred eighty (180) days immediately preceding the date of the Telephone Solicitation or a current business or personal relationship.

d. **"Federal Do-Not-Call List"** shall mean the National Do-Not-Call Registry, which is the registry maintained by the Federal Trade Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

9

e. **"Missouri Do-Not-Call List"** shall mean the registry which is maintained by the Missouri Attorney General pursuant to § 407.1101, RSMo.

f. **"Telemarketing Vendor"** shall mean any person or entity that, in exchange for consideration, conducts Telemarketing, Telemarketing Calls or Telephone Solicitations on behalf of Charter.

g. **"Telemarketing"** or **"Telemarketing Call"** shall mean a plan, program or campaign which is conducted to induce the purchase or lease of merchandise by use of one or more telephones (or similar medium) and which involves one or more telephone calls.

h. **"Telephone Solicitation"** shall mean any voice, facsimile, short messaging service (SMS), or multimedia messaging service (MMS), for the purpose of encouraging the purchase or rental of, or investment in, property, goods or services.

i. **"Opt-out"** shall mean a request not to be called by Charter that is made to Charter or any of its Telemarketing Vendors or telemarketers, verbally, in print, hard copy, or by electronic

10

means, including but not limited to communications with Charter through Charter's website, so long as the request is directed to a person engaged in selling Charter's goods or services by telephone in the State of Missouri.

j. **"Express agreement, in writing or on-line"** shall mean an authorization by signature, writing, or mark, or via Charter's website. Such authorization may be made in print, hard copy, or by electronic means, including but not limited to communications with Charter through Charter's website.

## Compliance with the TSR, TCPA, and Missouri Telemarketing Laws

23. Charter agrees to the following:

a. Charter shall continue to implement and maintain policies and procedures that are reasonably calculated to ensure compliance with applicable Missouri and Federal laws that require Charter to honor all Do-Not-Call requests received from Missouri residents, including requiring third party telemarketing agencies with whom Charter does business to comply with such laws. Such policies shall include prohibitions on:

11

i. Initiating any Telephone Solicitation or Telemarketing Call to a Missouri resident when that resident's telephone number is on either the Missouri No-Call List or the Federal No-Call List, unless:

1. Charter has obtained the Express agreement, in writing or on-line, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of Charter may be placed to that person, and shall include the telephone number to which the calls may be placed; or

2. Charter has an Established Business Relationship with such person, and that person has not made an "opt-out" request to a person engaged in the sale of Charter's goods or services in Missouri as described in Paragraph 22(i), above within the previous five (5) years.

ii. Initiating any Telephone Solicitation or Telemarketing Call to a Missouri resident when that resident has

12

previously opted-out from receipt of Telephone

Solicitations or Telemarketing Calls made by or on behalf

of Charter, unless subsequent to such Opt-out, Charter:

   1. Obtains an express agreement, as specified in

      Paragraph 22 above; or

   2. Establishes a new Business Relationship with such

      person.

iii. Initiating any call to a Missouri resident that includes, as

   part of the call, an offer of Charter goods or services to a

   Missouri resident when that resident has previously

   opted-out of Telephone Solicitations or Telemarketing

   Calls made by or on behalf of Charter, regardless of any

   Established Business Relationship between the resident

   and Charter.

iv. Initiating any Telephone Solicitation or Telemarketing

   Call to a Missouri resident that delivers a prerecorded

   message, other than a prerecorded message permitted

   under state or federal law, or use any Automatic Dialer to

   make Telemarketing Calls or Telephone Solicitations to

13

any telephone number assigned to a cellular telephone service of a Missouri resident, unless Charter has obtained from such resident an Express agreement, in writing or on-line, that:

1. Clearly and conspicuously discloses to the Missouri resident that the purpose of the agreement is to authorize Charter or its agents to make such calls;

2. Evidences the willingness of the recipient of the call to receive such calls by or on behalf of Charter; and

3. Includes the Missouri resident's telephone number.

b. Purchase the Missouri State No-Call list on a quarterly basis.

## Oversight of Third Party Vendors

24. Charter agrees to the following:

a. Within ninety (90) days of the execution of this Settlement Agreement, Charter will provide a copy of this Settlement Agreement to any agent, telemarketer, or independent contractor currently selling or offering for sale any products on behalf of Charter to Missouri consumers, and any future Telemarketing Vendors, agents, independent contractors, and other individuals

14

acting at Charter's direction or on its behalf that Charter engages

to sell or offer for sale products to Missouri consumers.

b. Require from any Telemarketing Vendors described in
Paragraph 22, a signed acknowledgment that the agent,
telemarketer, or independent contractor has received and
reviewed the provisions of this Settlement Agreement, and that
the agent, telemarketer, or independent contractor will comply
with the Settlement Agreement.

c. Draft and implement policies requiring any Telemarketing
Vendor, agent, telemarketer, or independent contractor selling
Charter's products in the State of Missouri to report, within
fifteen (15) days, to Charter the name and telephone number of
any Missouri resident who requests not to be called by Charter.
Upon receiving such notice from any Telemarketing Vendor,
agent, telemarketer, or independent contractor, Charter shall add
this information, within fifteen (15) days, to Charter's internal
Do-Not-Call list so that such number is not to be called again by
any other Telemarketing Vendors, agents, telemarketers, or
independent contractors selling Charter's products to consumers

15

Burke_2020-04-08_Page 15

in the State of Missouri for a period of five (5) years. Charter will continue to provide its Vendors, agents, telemarketers and independent contractors with regular updates of its internal Do-Not-Call list.

d.   For a period of three (3) years, conduct an annual review of the methods used by each and every existing Telemarketing Vendor then engaged by Charter that directs telephone calls to Missouri to determine that the call lists used by the Telemarketing Vendor are scrubbed of any telephone number appearing on the Missouri No-Call list, the federal No-Call list, and Charter's internal Do-Not-Call list prior to initiating any Telephone Solicitation or Telemarketing Call.

e.   Keep and maintain accurate records of all reviews described in Paragraph 24(d) above for a period of not less than five (5) years.

f.   Within ten (10) days of execution of this Settlement Agreement, Charter shall add to its internal Do-Not-Call list the telephone numbers of all Missouri residential subscribers who previously filed complaints with the Missouri Attorney General's Office against Charter and whose telephone numbers are not already on

16

Charter's internal Do-Not-Call list, the list attached hereto and marked as Exhibit A, and shall not make, or cause to be made, telephone solicitation calls to these numbers, as that term is defined in § 407.1095(3), RSMo.

g. Upon receiving the information described in Section 25 below, Charter shall have fifteen (15) days to add the numbers to its internal Do-Not-Call List and shall not make, or cause to be made, telephone solicitation calls to these numbers, as that term is defined in § 407.1095(3), RSMo.

h. In the event Charter uses lead generation services for telemarketing purposes, any provision of this Settlement Agreement that applies to Charter's use of a Telemarketing Vendor shall apply to Charter's use of a lead generator.

25. Upon written request, Plaintiff shall provide copies of each complaint received by Plaintiff regarding Charter's Telemarketing or No-Call practices for a period of three years after the execution of this Settlement Agreement.

**Future Matters**

17

26. Plaintiff agrees that for twenty (20) years following the execution of this Settlement Agreement that it will not bring an action against Charter for violation of the Missouri No-Call Law, Chapter 407 of the Missouri Revised Statutes, currently codified at RSMo § 407.1095 *et seq.*, the Missouri Telemarketing Law, Chapter 407 of the Missouri Revised Statutes, currently codified at RSMo § 407.1070 *et seq.*, the TCPA, 15 U.S.C. § 45, 47 U.S.C. § 227 (inclusive of its rules found at 47 C.F.R. § 64.1200 *et seq.*), the TSR, 16 C.F.R. Part 310, or any other federal or state law relating to telemarketing without first abiding by the following procedure:

    a. Informing Charter, in writing, of a potential violation, including providing Charter with a copy of the complaint regarding the violation.

    b. After Charter responds to the Attorney General in writing as stated in Paragraph 26(d)(i), the Parties shall conduct an in-person conference to resolve any potential violation.

    c. If Plaintiff fails to comply with Paragraphs 26(a)-(b) of this Settlement Agreement, this shall constitute a violation of said Agreement and shall result in the dismissal with prejudice of any lawsuit brought by the Plaintiff against Charter for violation of

18

the Missouri No-Call law, Chapter 407 of the Missouri Revised Statutes, currently codified at RSMo§ 407.1095 *et seq.*; the Missouri Telemarketing law, Chapter 407 of the Missouri Revised Statutes, currently codified at RSMo § 407.1070 *et seq.*; the Telephone Consumer Protection Act, 15 U.S.C. § 45, 47 U.S.C. § 227 (inclusive of its rules found at 47 C.F.R. § 64.1200 *et seq.*) (the "TCPA"); the TSR, 16 C.F.R. Part 310; or any other federal or state law relating to telemarketing. However, no dismissal with prejudice pursuant to this paragraph shall result, unless before moving the Court for such dismissal, Charter has provided the Plaintiff with written notice of its alleged failure to comply with Paragraphs 26 (a)-(b), and allows the Plaintiff twenty-one (21) days after such notice to cure the violation by dismissing its lawsuit without prejudice.

d. Upon receipt of notification from the Attorney General of an alleged violation of the TCPA, TSR, Mo.Rev.Stat. § 407.1098, Mo.Rev.Stat. § 407.1076, any Missouri or Federal law relating to telemarketing, or this Settlement Agreement:

19

i.  Charter shall investigate and provide a response detailing the results of the investigation to the Attorney General within sixty (60) days of such notification.

ii.  Charter shall take corrective action involving Telemarketing Vendors, or Charter's agents or its independent contractors , and other individuals acting at Charter's direction or on its behalf, that were the subject of telemarketing complaints if warranted by the results of Charter's investigation in connection with responding to an inquiry in 26(a), above. Such corrective action shall include, at minimum: (a) individual counseling of Telemarketing Vendors, or Charter's agents or its independent contractors, and other individuals acting at Charter's direction or on its behalf, on compliance with the TCPA, TSR, the Missouri No-Call Law, and the Missouri Telemarketing Practices Law, the scrubbing procedure outlined in Charter's policy and mandatory training program, and the procedure for adding those Missouri residents who request not to be called by or on

20

behalf of Charter to the Do-Not-Call list; (b) delivery of a written warning notice to Telemarketing Vendors, or Charter's agents or its independent contractors, and other individuals acting at Charter's direction or on its behalf; or (c) termination of appointment agreements with Telemarketing Vendors, or Charter's agents or its independent contractors, and other individuals acting at Charter's direction or on its behalf, pursuant to the terms of those agreements.

27.     In the event any action is brought by the State of Missouri against Charter for violation of the Missouri No-Call law, Chapter 407 of the Missouri Revised Statutes, currently codified at RSMo § 407.1098; the Missouri Telemarketing law, Chapter 407 of the Missouri Revised Statutes, currently codified at RSMo § 407.1076; the TCPA, 15 U.S.C. § 45, 47 U.S.C. § 227 (inclusive of its rules found at 47 C.F.R. § 64.1200 *et seq.*); the TSR, 16 C.F.R. Part 310; or any other federal or state law relating to telemarketing, the Parties agree that any and all penalties, damages, fees or other amounts recoverable under any Missouri or Federal law shall be set at one thousand dollars ($1,000) per occurrence or call in total.

21

## Payment

28.     Charter agrees to make payment in the amount of two hundred twenty-five thousand dollars ($225,000) to the Merchandising Practices Revolving Fund within fourteen (14) days of the execution of this settlement agreement. Payment should be sent to:

> Office of the Missouri Attorney General
> Financial Services Section
> ATTN: Collections Specialist
> P.O. Box 899
> Jefferson City, MO 65102

## Notices

29.     The State of Missouri hereby designates Assistant Attorney General Michelle Hinkl (or any successor of Ms. Hinkl's later identified by the Attorney General's Office) of the Attorney General's Office as the person to supply Charter with information requested of it pursuant to Paragraph 25 of this Settlement Agreement.  All notices referenced or required pursuant to this Settlement Agreement shall be sent via email to No.Call@ago.mo.gov and Assistant Attorney General Michelle Hinkl at Michelle.Hinkl@ago.mo.gov (or any successor of Ms. Hinkl later identified by the Attorney General's Office).

22

30.     Charter hereby designates William Wesselman (or a person later

designated by Charter) as the person to supply the Attorney General with

information required of it pursuant to Paragraph 26(d)(i) of this Settlement

Agreement.  All notices referenced or required pursuant to this Settlement

Agreement shall be sent to:

MO.AG.DNC@charter.com.

And

Steven M. Sherman
Thompson Coburn LLP
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
ssherman@thompsoncoburn.com

## Venue

31.     Venue for enforcement of the executory terms of this Settlement

Agreement shall be the United States District Court for the Eastern District of

Missouri.

32.     Any action to enforce the executory terms of this Settlement

Agreement shall be filed in this matter.

23

**So Stipulated and Agreed:**

For Plaintiff State of Missouri:

Michelle Hinkl                          Dated: 8-22-2017
Eastern District Bar No. 64494MO
Assistant Attorney General
P.O. Box 861
St. Louis, MO 63101
Telephone: (314) 340-7961
Fax: (314) 340-7850
Michelle.Hinkl@ago.mo.gov

24

For Defendant Charter Communications, Inc.:

_____     Dated: 8/25/17
Steven M. Sherman
Eastern District Bar No. 47842MO
One US Bank Plaza
St. Louis, Missouri  63101
314-552-6000
FAX 314-552-7000
ssherman@thompsoncoburn.com

Attorney for Defendant Charter Communications, Inc.

25

DEFENDANT
Charter Communications, Inc.


By: [Name] SEAN ODONNELL
Its: [Title] AVP

State of Missouri )
                          )  ss.
County of St Louis )

Before me, a notary public for the State of Missouri, personally appeared Sean O'Donnell, who did upon [his/her] oath state that [he/she] holds the position of [title] with Defendant Charter Communications, Inc.; that [he/she] is authorized to execute this Agreement on behalf of this Defendant, and that [he/she] has executed this Agreement as a free act and deed. Subscribed and sworn to before me this 25 day of August, 2017.


Notary Public

JANICE M. CRAVEN
Notary Public - Notary Seal
State of Missouri, St Charles County
Commission # 14391804
My Commission Expires Jan 21, 2019

My commission expires on January 21, 2019.

26

By:

_Michelle Hinkl_

Michelle Hinkl
Assistant Attorney General
State of Missouri

State of _Missouri_ )
                       ) ss.
County of _Greene_ )

On this _22nd_ day of _August_, 2017, before me, the undersigned notary public, personally appeared Michelle Hinkl, who did upon her oath state that she is an Assistant Attorney General of the State of Missouri; that she is the attorney for the Plaintiff State of Missouri ex rel. Attorney General Joshua Hawley with respect to the matter set forth in this Agreement; that she is authorized to execute this Agreement on behalf of the Plaintiff, and that she has executed this Agreement as a free act and deed. Subscribed and sworn to before me this _22nd_ day of _August_, 2017.

_Carla J. Bishop_
Notary Public

> CARLA J. BISHOP
> Notary Public - Notary Seal
> State of Missouri
> Commissioned for Greene County
> My Commission Expires: June 16, 2019
> Commission Number: 15487056

My commission expires on _06-16-2019_.

27